WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Huntoon,<br><br>        Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>        Respondents. | No. CV-23-01183-PHX-JAT<br><br>**ORDER** |

On July 24, 2024, the Court issued the following Order:

> Petitioner filed a Petition for Writ of Habeas Corpus to begin this case. After referral, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation. Petitioner objected and Respondents replied to the objections.
> Thereafter, Petitioner filed two motions to stay this case. Petitioner argues that he is filing further proceedings in state court on August 19, 2024.
> Generally, if some claims of a petition are exhausted and others are unexhausted, but there are procedures still available in state court, this Court should dismiss the petition. *Rose v. Lundy,* 455 U.S. 509 (1982) ("federal district courts must dismiss 'mixed' habeas corpus petitions—those containing both unexhausted and exhausted claims."). Some courts have endorsed a "stay and abeyance" procedure in lieu of dismissal. *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (O'Connor, J. concurring).
> The Court cannot determine whether Petitioner is conceding certain of his claims are not exhausted and seeking a stay and abeyance procedure. Further, and more importantly, the Court cannot determine whether anything is currently properly pending in state court that could justify a stay. Thus, on this record, the two requests to stay will be denied.
> Petitioner may file a request for stay and abeyance, if that is what he is seeking, within two weeks. In any such filing, Petitioner must specify exactly what is pending in state court that would justify a stay and which issue in the Petition would be impacted by a future state court ruling. Petitioner also must address whether this issue is cognizable on habeas or only an issue of state law. (*See* Doc. 18 at 3). If Petitioner files such a request, Defendants must respond within 14 days. Any reply is due within 7 days.

Accordingly,

**IT IS ORDERED** that the motions to stay (Docs. 16 and 19) are denied.

**IT IS FURTHER ORDERED** that, if he so chooses, Petitioner may file a motion for stay and abeyance within 14 days of this Order. If Petitioner does not file such a motion within this deadline, the Court will proceed to consider the Report and Recommendation and the objections.

(Doc. 20).

Petitioner filed another motion for stay and abeyance on July 28, 2024. (Doc. 21). Notwithstanding the Court's above-quoted order requiring the Respondents to respond, Respondents did not respond to the motion.

In his renewed motion for stay and abeyance, Petitioner claims that he would be filing something relevant to this case in state court by August 19, 2024. The Court does not know if such a filing was made, and if it was, what the status is. Further, the Court does not know if Respondents concede that any such filing would justify a stay of this case.

To aid the Court,

**IT IS ORDERED** that, within 14 days of this Order, Petitioner and Respondents shall file simultaneous status reports regarding the status of anything filed in state court after July 28, 2024. These status reports must include what impact, if any, any state court filings have on this case.

Dated this 16th day of September, 2024.

James A. Teilborg
Senior United States District Judge