**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Huntoon, | No. CV-23-01183-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion for Stay and Abeyance ("Motion"). (Doc. 21). The Court understands that Respondents mistakenly did not respond to Petitioner's Motion.[1] (Doc. 24 at 1). Per the Court's subsequent order, both parties filed status reports "regarding the status of anything filed in state court after July 28, 2024 . . . [including] what impact, if any, any state court filings have on this case." (Doc. 22 (Order); Doc. 23 (Petitioner's status report); Doc. 24 (Respondent's)).

**I.    Background**

In 2018, "after a jury trial, [Petitioner] was convicted of ten counts of sexual exploitation of a minor under the age of fifteen." (Doc. 1 at 1, 29). Prior to that jury trial, in August 2016, Petitioner attended a "settlement conference, which included an advisement pursuant to *State v. Donald*, 198 Ariz. 406 ([Ariz. Ct.] App. 2000)." (Doc. 1 at

---

[1] In the Court's July 24, 2024 order, the Court said: "If Petitioner files [a request for stay and abeyance], Defendants must respond within 14 days." (Doc. 20 at 2). "Counsel for Respondents overlooked that part of the order because it was not included in the highlighted language at the end of the order. Counsel apologizes for this oversight." (Doc. 24 at 1).

35). As recounted by the Arizona Court of Appeals,[2]

> [Petitioner] failed to accept the state's plea offer permitting him to plead guilty to one count of sexual exploitation of a minor with a sentencing range of ten to twenty-four years. This plea [did] not include[] charges in a related federal matter, over which the trial court explained it had no control.

(Doc. 1 at 35, 37). The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on January 9, 2020. (Doc. 1 at 28-30).

Petitioner then sought post-conviction relief ("PCR"). (Doc. 1 at 36). In part,[3] Petitioner "asserted the state had, in fact, negotiated a plea offer to settle both the state and federal cases for ten years, an agreement [Petitioner] maintained already existed and which his trial counsel failed to share with him." (Doc. 1 at 37). Petitioner requested an evidentiary hearing, "reason[ing] that a hearing 'was necessary to present further testimony' from the attorneys 'regarding the meaning of the emails' between the attorneys, which [Petitioner] had attached as exhibits to his Rule 32 petition, 'and the offers made by the State.'" (Doc. 1 at 36). Pinal County Superior Court denied PCR, finding that the emails "only reflect that plea negotiations were ongoing through April 26, 2017, at 5:15 p.m. [and] cannot be construed to convey an offer made by the State." (Doc. 1 at 32-33). The Arizona Court of Appeals considered the same evidence and affirmed, finding that Petitioner "failed to demonstrate that there was an offer, other than the one made at the settlement conference." (Doc. 1 at 37). The appeals court noted that "[a]lthough the subject emails suggest that ongoing plea negotiations had occurred, including discussions about the possibility of a 'single[-]digit[]' plea offer, it is clear the prosecutor made 'no promises' of such an outcome." (Doc. 1 at 38).

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") on June 26, 2023. (Doc. 1). In August 2024, while habeas proceedings were underway, Petitioner filed a successive PCR petition in Pinal County Superior Court. (Doc. 23 at 4-13). In his second

---

[2] "The facts as recited by the court of appeals are entitled to a presumption of correctness." *Cordova v. Shinn*, No. CV-20-00163-TUC-SHR (DTF), 2021 WL 2454037, at *1 (D. Ariz. June 16, 2021), report and recommendation adopted, No. CV-20-00163-TUC-SHR, 2021 WL 4078731 (D. Ariz. Sept. 8, 2021).

[3] Petitioner included other claims in his first PCR petition but this claim is the only one relevant here.

PCR petition, Petitioner asserts (1) that he "did not receive credit for his presentence incarceration," and (2) that he "received ineffective assistance of counsel during plea negotiations." (Doc. 23 at 10). The issue of presentence incarceration, even if exhausted, is not cognizable on habeas review. *Augustiniak v. Ryan*, No. CV-18-03977-PHX-DWL, 2020 WL 1685556, at *3 (D. Ariz. Apr. 7, 2020) ("Petitioner's challenge to the denial of presentence incarceration credit is a state-law claim not cognizable on habeas review."); *Morgan v. Ryan*, No. CV-15-01142-PHX-ROS, 2017 WL 131570, at *1 (D. Ariz. Jan. 13, 2017) ("[T]he issue of presentence incarceration credit is a state-law matter and any alleged error in the interpretation or application of state law cannot serve as a basis for habeas relief."); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("We have repeatedly held that federal habeas corpus relief does not lie for errors of state law."). The Court will not further address this issue.

As to the second issue in Petitioner's successive PCR petition, Petitioner repeats claims asserted in his first PCR petition regarding "the existence of a second plea offer made by the state." (Doc. 23 at 11). This time, however, Petitioner contends that *State v. Anderson*, 547 P.3d 345 (2024) "constitutes a significant change in the law" such that "this issue is neither untimely nor precluded." (Doc. 23 at 11). Petitioner claims that "[p]rior to [*Anderson*], defendant was required to prove beyond a doubt that the second plea offer existed in order to be entitled to a hearing. Now all that is required is circumstantial evidence of a second plea offer." (Doc. 23 at 11). The Court will address whether a stay is appropriate based on this claim.

**II.      Applicable Law**

Petitioner asks the Court to grant him a stay to allow him to seek relief in state court via a successive PCR petition under Rule 32.1(g) of the Arizona Rules of Criminal Procedure.

**a.   *Rhines***

Stay and abeyance is "available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005)). (finding stay and abeyance "frustrates AEDPA's objective

of encouraging finality" and "undermines AEDPA's goal of streamlining federal habeas proceedings"). Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

A petition is "mixed" if it "contain[s] both exhausted and unexhausted claims." *Rhines*, 544 U.S. at 273. A claim is "exhausted" "if (1) it has been fairly presented to the highest state court with jurisdiction to consider it or (2) no state remedy remains available to exhaust the claim." *Patrick Wade Bearup, Petitioner, v. Ryan Thornell, et al., Respondents.*, No. CV-16-03357-PHX-SPL, 2024 WL 4363979, at *3 (D. Ariz. Oct. 1, 2024) (citing *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)). In Arizona, "[i]n cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)). On the other hand, a claim is "unexhausted" if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

### b. Arizona Rules of Criminal Procedure

Under the Arizona Rules of Criminal Procedure, "[a] defendant may file a notice requesting post-conviction relief . . . [if] there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence." Ariz. R. Crim. P. 32.1(g). If a Petitioner brings a claim under Rule 32.1(g) "in a successive or untimely post-conviction notice, the defendant must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 32.2(b); s*ee also Cruz v. Arizona*, 598 U.S. 17, 26-27 (2023) ("Rule 32.1(g) allows defendants to file a successive or untimely postconviction petition if there has been 'a significant change in the law'"); *State v. Lawrence*, No. 2 CA-CR 2016-

0080-PR, 2016 WL 3220970, at *2, ¶ 7 (Ariz. Ct. App. June 10, 2016) ("[U]nder Rule 32.2(b), a defendant may avoid preclusion by showing . . . a significant change in the law"); *State v. Shrum*, 203 P.3d 1175, 1178 (Ariz. 2009) ("The rationale for the Rule 32.1(g) exception from waiver and preclusion is apparent: A defendant is not expected to anticipate significant future changes of the law in his of-right PCR proceeding or direct appeal.").

### c. Analysis

First, the Court must decide whether Petitioner's claim is unexhausted such that his petition is "mixed" and a stay is applicable. Petitioner did raise the issue of the alleged plea offer in his first PCR petition. That petition was summarily dismissed by the trial court and the Arizona Court of Appeals affirmed that decision. (Doc. 1 at 32, 35, 38). Thus, this claim appears exhausted because the Arizona Court of Appeals ruled on it. However, Petitioner, under Arizona Rules of Criminal Procedure 32.1(g), now raises the question of whether *State v. Anderson* represents "a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence." Therefore, the claim is unexhausted and the question for the Court is whether *Anderson* qualifies as a significant change in the law, applicable to Petitioner's case.

### d. *State v. Anderson*

Petitioner claims that *Anderson* is a significant change in the law because "[p]rior to [*Anderson*], defendant was required to prove beyond a doubt that the second plea offer existed in order to be entitled to a hearing. Now all that is required is circumstantial evidence of a second plea offer." (Doc. 23 at 11). The Court disagrees with Petitioner's reading of *Anderson*.

In *Anderson*, the petitioner "alleged that while he was considering whether to accept a plea agreement . . . his trial counsel advised him that if he . . . was found guilty at trial, parole would be available." 547 P.3d at 348. Almost 20 years after filing his initial petitions for PCR, the petitioner learned he was never parole eligible because the Arizona legislature eliminated parole in 1993, seven years before the petitioner's conviction. *Id.* The petitioner filed a third PCR petition claiming ineffective assistance of counsel on this theory,

explaining that his failure to timely file a notice of PCR was because he had only recently learned that he was not parole eligible and that his attorney's advice was thereby incorrect. *Id.* at 350. The Arizona Supreme Court agreed and found that the petitioner "was not at fault for the pervasive confusion about parole eligibility at the time of sentencing." *Id.* (citing confusion regarding parole in published appellate court decisions "as late as 2013," amicus briefs, and department of corrections "policies as recently as 2021"). However, the court was careful to note that the petitioner's case "represents an *extremely rare set of circumstances in the context of the pervasive confusion about parole*" and that the ruling does not apply more broadly. *Id.* at 351-52 (emphasis added).

Here, most importantly, Petitioner's claim is not in the context of the pervasive confusion about parole availability. There was never a question of parole availability in this case. Moreover, unlike the petitioner in *Anderson*, Petitioner does not claim that his trial counsel gave him incorrect advice. Rather, Petitioner argues that his trial counsel did not present a plea agreement to him. On these facts alone, the Court can say that *Anderson* does not apply to Petitioner's case. However, to be thorough, the Court will continue its comparison between cases.

Whereas the petitioner's claim in *Anderson* was not cognizable when the petitioner first filed for PCR due to widespread confusion in the legal community, here, Petitioner's claim was fully cognizable when he first filed for PCR; the duty of counsel to present all plea agreements to defendants is well-established. *See, e.g., Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"); *State v. Donald*, 10 P.3d 1193, 1198 (Ariz. Ct. App. 2000) (citing ABA Standards for Criminal Justice, Prosecution Function and Defense Function, Standard 4–6.2(b) (3d ed. 1993)) ("The American Bar Association Standards for Criminal Justice require defense attorneys to 'promptly communicate and explain to the accused all significant plea proposals made by the prosecutor.'").[4] There is no new

---

[4] Similarly, it is well-established that counsel's duty to inform a client of a plea agreement does not extend to "include a defense counsel's failure to investigate the speculative

information that suddenly makes Petitioner's claim more cognizable; Petitioner has only learned of the *Anderson* case, which represents an extremely rare set of circumstances not present here.

While true that the petitioner in *Anderson* "presented circumstantial evidence of a plea agreement" and the court granted the petitioner an evidentiary hearing "to establish the existence of an offered plea agreement," the facts of *Anderson* are entirely distinguishable from the facts of this case, as discussed above. 547 P.3d at 353. Under *Anderson*, circumstantial evidence of a plea offer entitles a petitioner to an evidentiary hearing *if* the alleged plea offer involved parole availability during the time where there was pervasive confusion about parole availability.[5] In other words, because Petitioner's case does not present facts similar to those in Anderson, the Court finds that Petitioner's unexhausted claim is not potentially meritorious. Because Petitioner has failed to show his claim is potentially meritorious, Petitioner has failed to show that he is entitled to a stay and abeyance of the Petition in this case. See *Wooten*, 540 F.3d at 1023.[6]

/ / /

/ / /

/ / /

/ / /

/ / /

---

possibilities of a potential plea offer, the very existence of which is contested." *State v. Jackson*, 97 P.3d 113, 117 (Ariz. Ct. App. 2004).

[5] This "pervasive confusion" ended either in September 2015 or May 2016. Either way, Petitioner's settlement conference was in August 2016 and there was no question of parole availability.

[6] Since the Arizona Supreme Court's decision in Anderson, other habeas petitioners have attempted to use Anderson to persuade courts to stay proceedings. All of those petitioners are on death row. *See Patrick Wade Bearup, Petitioner, v. Ryan Thornell, et al., Respondents.*, No. CV-16-03357-PHX-SPL, 2024 WL 4363979 (D. Ariz. Oct. 1, 2024); *Chappell v. Thornell*, No. CV-15-00478-PHX-SPL, 2024 WL 3639298 (D. Ariz. Aug. 2, 2024); *Lehr v. Thornell*, No. CV-19-01127-PHX-DWL, 2024 WL 3275266 (D. Ariz. July 1, 2024); *Morris v. Thornell*, No. CV-17-00926-PHX-DGC, 2024 WL 3091200 (D. Ariz. June 20, 2024); *Anderson v. Thornell*, No. CV-23-08023-PCT-GMS, 2024 WL 3091180 (D. Ariz. June 20, 2024). Of those cases, the relief requested by petitioner was granted in only one case. In that case, prospective jurors were twice given incorrect information regarding the possibility of parole for the defendant. *Bearup*, No. CV-16-03357-PHX-SPL, 2024 WL 4363979, at *1-2. This further lends support to the Court's conclusion that *Anderson* is not applicable to cases outside the context of parole availability.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Stay and Abeyance (Doc. 21) is **denied.**

Dated this 5th day of November, 2024.

James A. Teilborg
Senior United States District Judge