**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Huntoon,<br><br>              Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>              Respondents. | No. CV-23-01183-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1). The Magistrate Judge to whom this case was referred has issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice. (Doc. 14). Petitioner filed objections to the R&R, (Doc. 15), and Respondents responded to the objections, (Doc. 18).

**I.    Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th

Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object.").

District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Nor are district courts required to conduct review of general objections. *Warling v. Ryan*, No. CV-12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)) ("[T]he Court has no obligation to review Petitioner's general objections to the R&R"); *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. October 24, 2014) ("[W]hen a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it."). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Kenniston v. McDonald*, No. CV-15-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (internal citations omitted). "[S]imply repeating arguments made in the petition is not a proper objection." *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC (JZB), 2021 WL 4596465, at *7 (D. Ariz. Oct. 6, 2021).

**II.    Background**

The R&R discusses the procedural and factual background of this case at page 2. (Doc. 14). In short summary:

> "After a jury trial, [Petitioner] was convicted of ten counts of sexual exploitation of a minor under the age of fifteen. The trial court sentenced him to consecutive prison terms totaling 280 years to be served consecutively with the term he was currently serving in a federal matter."

> The ten counts were based on "images of child pornography depicting victims under the age of fifteen;" the images were found by law enforcement on Petitioner's computer. Prior to trial, Petitioner declined a plea offer "to one count of sexual exploitation of a minor with a sentencing range of ten to twenty-four years." On January 9, 2020, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences.

> . . . In April 2020, Petitioner filed a Petition for Post-Conviction Relief after appointed counsel filed a notice of no colorable claim. The trial court dismissed the PCR Petition; on June 28, 2022, the Arizona Court of Appeals denied relief.

(Doc. 14 at 2 (quoting the Arizona Court of Appeals decision)[1] (internal citations removed)).

### III. Objections

Petitioner makes specific objections to the R&R findings for grounds one, three, four, five, and eight.[2] The Court addresses each of these objections in turn.

#### a. Ground One: Ineffective Assistance of Counsel (Plea Negotiations)

Petitioner claims his counsel was ineffective when "counsel failed to inform [him] of ongoing plea negotiations and the state's proposal of" an alternative plea offer. (Doc. 1 at 15). On review of the record, the R&R finds that "[t]he record does not support Petitioner's allegation that . . . a new plea offer existed in 2017 that trial counsel did not convey to [Petitioner]." (Doc. 14 at 5-6). As a result, the R&R concludes that the Arizona Court of Appeals applied *Strickland*[3] in an objectively reasonable way. (Doc. 14 at 5-6).

"Petitioner[] disputes the factual findings of the magistrate on this issue." (Doc. 15 at 1). Petitioner specifically objects to the part of the R&R that notes that "the prosecutor stated he was making 'no promises' of a 'range in the single digits.'" (Doc. 15 at 1). There, the R&R is quoting an email from Petitioner's counsel to the State, attached by Petitioner to his PCR petition. (Doc. 1 at 56). Petitioner objects because the R&R "fails to realize that [the email] is in reference to defense counsel's suggestion of a single digit plea offer made 4 days prior to the actual second legitimate offer." (Doc. 15 at 1-2). Petitioner then reiterates arguments from his Petition regarding the alleged existence of a second plea

---

[1] This Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).
[2] As to grounds two, six, and seven, "Petitioner disagrees but has nothing further to add." As discussed above, general disagreement, or a general objection, does not trigger de novo review.
[3] The R&R discusses the law governing ineffective assistance of counsel claims under *Strickland v. Washington,* 466 U.S. 668 (1984) at pages 3-4. (Doc. 14). Neither party objects to this summary of the governing law and the Court hereby accepts and adopts it.

offer. (Doc. 15 at 2). Petitioner concludes that he "was prejudiced [under *Strickland*] by the fact [that] he was forced to proceed to trial and be sentenced to 280 years when he would of (sic) plead guilty to a presumptive term of ten years if only he had been informed of this second offer." (Doc. 15 at 2-3).

The Arizona Court of Appeals reviewed the evidence submitted by Petitioner, including the aforementioned email and other emails, and concluded that "the [trial] court did not abuse its discretion in concluding that [Petitioner] did not establish a colorable claim that an actual plea offer existed, a factual determination the [trial] court was entitled to make." (Doc. 1 at 38).[4] Respondents are correct that "[a] state court's factual determination 'shall be presumed to be correct' on federal habeas review and a petitioner can overcome that presumption only by 'rebutting the presumption of correctness by clear and convincing evidence.'" (Doc. 18 at 1-2 (internal citations removed)). Petitioner has not overcome that presumption; Petitioner "makes factual arguments but presents no clear and convincing evidence that the state courts' factual findings are incorrect." (Doc. 18 at 2). As a result, the Court agrees that the Arizona Court of Appeals applied *Strickland* in an objectively reasonable way. For the reasons stated in the R&R, this Court concludes that, on the merits, counsel was not ineffective under this theory. Accordingly, the objections are overruled and relief on Ground One is denied.

### b. Ground Three: Ineffective Assistance of Counsel (Search Warrant Affidavit)

Petitioner argues that "[a]ppellate counsel failed to identify and assert any colorable issues on appeal when colorable claims existed." (Doc. 1 at 18). Specifically, Petitioner asserts that appellate counsel should have identified "false statements contained within the search warrant affidavit" as a colorable claim. (Doc. 1 at 18). The R&R recounts the procedural history of this claim:

> On PCR review, the Arizona Court of Appeals denied relief, noting that because Petitioner had raised the issue in his direct appeal, the issue Petitioner faulted his counsel for not raising had been adjudicated on the merits. The court noted that

---

[4] "Although the subject emails suggest that ongoing plea negotiations had occurred, including discussions about the possibility of a 'single[-]digit[]' plea offer, it is clear the prosecutor made 'no promises' of such an outcome." (Doc. 1 at 38).

- 4 -

> Petitioner did not show "any meaningful basis" to support that appellate counsel would have obtained a different outcome than Petitioner did in raising the same issue unsuccessfully. The court found that Petitioner could not show he was prejudiced by his counsel's failure to raise this issue on appeal, because Petitioner received a decision on the merits of the issue in his direct appeal.

(Doc. 14 at 7 (internal citations removed)). The R&R concludes that "[b]ecause Petitioner cannot show he was prejudiced by the actions of his appellate counsel, . . . in rejecting this claim, the Arizona Court of Appeals did not apply *Strickland* in an objectively unreasonable manner." (Doc. 14 at 7). Respondents agree with the R&R's conclusion. (Doc. 18 at 2).

Petitioner objects, saying appellate counsel "abandoned" him and fell "far below professional standard[s]" when counsel filed an *Anders*[5] brief even though "legitimate issues existed" and counsel "was well aware of th[o]se issues." (Doc. 15 at 3). Petitioner argues that he *was* prejudiced by his appellate counsel's "abandonment" because he was "den[ied] [] the skills of counsel to navigate and litigate such complex issues." (Doc. 15 at 3).

"With regard to the required showing of prejudice [under *Strickland*], the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 669. Here, Petitioner must show that there is a reasonable probability that if appellate counsel had raised the issue of the allegedly false search warrant affidavit statements, counsel would have obtained a favorable ruling. Petitioner does not do so. Petitioner raised this issue on direct appeal and the Arizona Court of Appeals rejected it.[6] There is no reason to believe that the same court would decide differently if presented with the same issue by appellate counsel. For the reasons stated in the R&R, this Court concludes that, on the merits, appellate counsel was not ineffective under this theory. Accordingly, the objections are overruled and relief on Ground Three is denied.

---

[5] *Anders v. California*, 386 U.S. 738 (1967).
[6] Petitioner filed a pro se direct appeal after his counsel "filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 ([Ariz. Ct.] App. 1999)." (Doc. 1 at 29).

### c. Ground Four: Fourth Amendment

As recounted in the R&R:

In Ground Four, Petitioner alleges that his motion to suppress should have been granted based on false statements in the search warrant affidavit.

The record shows Petitioner exercised his opportunity to litigate his Fourth Amendment claim in state court. Through counsel, Petitioner filed a "Motion to Suppress Re: False & Omitted Statements"; the trial court held an evidentiary hearing on Petitioner's claims and Petitioner called witnesses at the hearing. Petitioner raised his claim on direct appeal.

(Doc. 14 at 7-8 (internal citations omitted)).

"A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (citing *Stone v. Powell*, 428 U.S. 465, 481-82 (1976)); *see also Newman v. Wengeler*, 790 F.3d 876, 878-79 (9th Cir. 2015) (finding *Stone* survived passage of Anti-Terrorism and Effective Death Penalty Act). "The relevant inquiry is whether [the] petitioner had the *opportunity* to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval*, 81 F.3d at 899 (emphasis added). The R&R finds Petitioner's Ground Four claim not cognizable because Petitioner "had in state court his full and fair opportunity on this claim." (Doc. 14 at 8).

Petitioner objects, asking "[h]ow can it be said Petitioner received a 'full and fair' opportunity to litigate this claim in state court when the [state] court is violating United States Supreme Court precedent?"[7] (Doc. 15 at 4). Petitioner specifically takes issue with the trial court denying the motion to suppress after the court found that the detective's statements were false but were made in good faith and were not a reckless

---

[7] Petitioner cites *U.S. v. Leon*, 468 U.S. 897 (1984) and *Fronks v. Delaware*, 438 U.S. 168 (1978) to support this claim. (Doc. 15 at 4). The Court reviewed these cases and finds them inapplicable to this case. *Leon* establishes that suppression is an appropriate remedy *if* the affiant submitted information they "knew was false or would have known was false exception for [their] reckless disregard of the truth;" here, the trial court found that the information "was not a reckless misrepresentation of the facts." 468 U.S. at 923; Doc 12-2 at 227. *Fronks* establishes that Petitioner was entitled to a hearing under the Fourth and Fourteenth Amendments; here, Petitioner received that hearing. 438 U.S. at 172; Doc 12-2 at 223-27.

- 6 -

misrepresentation of the facts. (Doc. 15 at 4; Doc. 12-1 at 227). Again, based on precedent—including United States Supreme Court precedent—it is *not relevant* whether the claim was correctly decided *so long as* the petitioner had the *opportunity* to litigate his claim. Here, even though Petitioner disagrees with the state court's decision, he had the opportunity to litigate his claim in front of that court. For the reasons stated in the R&R, this Court concludes that, on the merits, Petitioner's Fourth Amendment claim is not cognizable in this habeas proceeding. Accordingly, the objections are overruled and relief on Ground Four is denied.

### d. Ground Five: Double Jeopardy

"In Ground Five, Petitioner asserts that his due process rights were violated because his convictions on Counts 2 through 10, for sexual exploitation of a minor, were multiplicitous in light of his conviction on Count 1 for the same offense." (Doc. 14 at 8).

On PCR review, the trial court found "simply no basis in law" to entertain this claim. (Doc. 1 at 33). "[T]he trial court nonetheless addressed [the claim] briefly on the merits." (Doc. 1 at 39). The Arizona Court of Appeals, in affirming the trial court's decision, found this claim "precluded because it could have been raised on appeal." (Doc. 1 at 39 (citing Ariz. R. Crim. P. 32.2(a)(3)). In other words, because Petitioner did not raise this claim on direct appeal, Petitioner did not exhaust this claim in state court and the claim is now procedurally barred.[8] The Arizona Court of Appeals also briefly addressed the claim on the merits. (Doc. 1 at 39).

The R&R follows the same pattern: first, the R&R finds this claim "procedurally barred from habeas review" under Arizona Rules of Criminal Procedure Rule 32.2(a)(3) and, second, the R&R considers the claim on the merits. (Doc. 14 at 8-9). Petitioner objects to the R&R's first finding, arguing this claim is *not* procedurally barred under Rule

---

[8] No remedies remain available to Petitioner in state court; thus, this claim is defaulted. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). The Court cannot consider defaulted claims unless Petitioner shows cause and prejudice or a fundamental miscarriage of justice to overcome that default. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). None of Petitioner's objections provide, or even argue, an excuse to overcome his default.

- 7 -

32.2(a)(3) because Petitioner properly presented this issue in his first PCR and "[d]ouble jeopardy claims can be raised for the first time in an initial PCR." (Doc. 15 at 4-5). Petitioner cites *Castle v. Schriro*, 414 F. App'x 924 (9th Cir. 2011) to support his objection. However, as Respondents note, the petitioner in *Castle v. Schriro* was convicted after a plea of guilty. (Doc. 18 at 2). In other words, only plea-convicted defendants can raise double jeopardy claims for the first time in an initial PCR. Because Petitioner was convicted by a jury, he cannot raise a double jeopardy claim for the first time in an initial PCR. Rather, Petitioner should have raised this claim on direct appeal such that Petitioner could properly "exhaust" the claim in state court. Petitioner did not do that, and the Court finds this claim procedurally barred.

When a state court reaches the merits of an improperly presented claim, that decision qualifies as a "last-reasoned decision" that is entitled to deference. *Martinez v. Schriro*, No. CV 08-785-PHX-JAT, 2012 WL 5936566 (D. Ariz. Nov. 27, 2012); *Cf. Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002) (instructing the inverse: a court should consider a claim de novo only when the state court did *not* reach the merits of a *properly* presented claim); *see also* 28 U.S.C. § 2254(b)(2) (stating that unexhausted claims ". . . may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Thus, the Court will defer to the Arizona Court of Appeals decision because that court reached the merits of Petitioner's improperly presented claim. On the merits, the Arizona Court of Appeals found that "multiple images containing child pornography constitute multiple crimes." (Doc. 1 at 39).

Petitioner objects to the R&R, reiterating his claim that the use of the term "any" in A.R.S. § 13-3553 makes ambiguous the legislature's intended "unit of prosecution." (Doc. 1 at 22; Doc. 15 at 5). Petitioner "concedes that there were 'ten images' of child pornography." (Doc. 14 at 9 (citing Doc. 1 at 22)). "The indictment, as read to the jury at trial, specified the differences in the images for each count." (Doc. 14 at 9 (citing Doc. 12-3 at 24-27)). This again reinforces the R&R's conclusion that, on the merits, Petitioner's

convictions were not multiplicitous.[9] (Doc. 14 at 9 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."))).

In conclusion, the Court finds that Petitioner's double jeopardy claim is procedurally barred. Alternatively, on the merits, the Court finds that Petitioner's convictions were not multiplicitous and do not violate double jeopardy. Accordingly, the objections are overruled and relief on Ground Five is denied.

### e. Ground Eight: Denial of Evidentiary Hearing

Petitioner claims his Fifth and Fourteenth Amendment rights were violated when he "was denied an evidentiary hearing in his [PCR] proceedings." (Doc. 1 at 26). The R&R concludes that this claim is not cognizable because "a state prisoner may not obtain habeas relief for errors of state law" and this claim "assert[s] of a violation of [] Arizona's procedural rules for [PCR]." (Doc. 14 at 13).

In his objections, Petitioner claims that a recent Arizona State Supreme Court decision, *State v. Anderson*, 547 P.3d 345 (Ariz. 2024), "requires that [Petitioner] be granted an evidentiary hearing to prove the existence of an offered plea agreement." (Doc. 18 at 3). Respondents note that while *State v. Anderson* may entitle Petitioner to an evidentiary hearing in *state* court, "it does not make this claim cognizable in a federal habeas corpus proceeding [because] 'a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.'" (Doc. 18 at 3 (citing *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989))). The Court agrees with Respondents. Accordingly, this objection is overruled and relief on Ground Eight is denied.

---

[9] In considering the claim on the merits, the R&R uses the standard for exhausted claims: the habeas petition will be denied unless a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts. *See Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). The R&R concludes that the holding of the Arizona Court of Appeals "was not contrary to clearly established federal law as determined by the United States Supreme Court." (Doc. 14 at 9).

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report & Recommendation (Doc. 14) is accepted and adopted; the objections (Doc. 15) are overruled. The Petition in this case is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of portions of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 6th day of November, 2024.

James A. Teilborg
Senior United States District Judge